By the Court.—Freedman, J.
This action was brought to recover damages for the breach of a contract. At the trial both parties gave testimony, and the case was submitted to the jury under the charge of the court, and the jury rendered a verdict in favor of the plaintiff for five hundred dpllars. No motion was made by the defendants for the direction of a verdict. After the rendition of the verdict, the defendants moved upon the minutes of the judge, but without assigning any grounds for the motion, that the verdict be set aside and a new trial granted. The motion was denied, and a memorandum of such decision entered in the clerk’s minutes. This memorandum the defendant’s counsel sees fit to term an order denying his motion. From this so- called order the present appeal is taken, and upon such appeal we are asked to review the whole proceedings, which include questions of pleading and of evidence, and questions relating to the effect and construction of contracts, to the damages given and the measure of damages, and to the refusal to charge certain requests, to none of which questions the attention of the judge below was called at the time the motion was made. The defendants have procured an order staying plaintiff’s proceedings on the verdict until the determination of the present appeal.
In my judgment such practice should not be sanctioned.
The practice of bringing separate appeals from the judgment and from the order denying a motion for new trial, at different times, involving as it does the necessity of the examination of, to' some extent, the same questions by different general terms varying in their composition, and consequently the possibility of a conflict of decisions in the same case, is open to so many objections, be the appeals ever so meritorious, that this court has at all times felt it to be its duty to discourage it, so far as it can be properly done.
*465 In every case in which the pendency of both appeals is made to appear, it is customary to insist that they be argued together at the same term. When this is done, the court is in a position to do full and complete justice between the parties, according to the exigencies of the ease, and without regard to mere matters of form.
When, however, but one appeal is taken, and the court is forced to entertain and determine it by itself, it is but due to the respondent, especially as long as the right to take the other appeal remains preserved, to hold the appellant to strict practice. This is especially necessary in case the appeal is from the order denying the motion for a new trial, no matter whether the motion was made at the conclusion of the trial on the judge’s minutes, or subsequently at special term on a case. In every such case the record should clearly show the grounds upon which the motion was based.
In all other matters the rule is firmly established, by a long series of decisions, that the error complained of must be specifically pointed out.
In matters of evidence it is the duty of the counsel making the offer to apprise the court of the reasons which render the evidence offered material, and an exception to the exclusion of a single question, so broad and general that its materiality could not be readily seen, has never on appeal been held error sufficient per se to work the reversal of a judgment.
So an objection made must be accompanied with a statement of the ground upon which it is made, and, if the objection be overruled, the exception taken can be sustained upon no other ground than the one thus specified, unless the ground not stated is one that could not possibly be obviated, or unless the ruling excepted to is of a very general nature, as, for example, a direction to the jury to find for a particular party, in which case a general exception is sufficient. -
*466 For a similar reason a single exception to a whole charge, or paragraph of a charge, any portion of which is correct, or to an entire piece of evidence, any part of which is admissible, or to a refusal to charge several propositions, any one of which was properly refused, is unavailing.
Why, then, should an appellate tribunal, on an appeal from an order denying a motion for a new trial, review the whole proceedings at the trial, when the printed case fails to show the grounds upon which the motion was based, or does show that no grounds were assigned ? It is a familiar rule that the appellate court will presume nothing in favor of the party alleging error, but that, on the contrary, every reasonable intendment on questions of law as well as of fact, is to be made in support of the ruling below, and that the party who alleges error holds the onus of establishing it. But if on an appeal from an order denying a motion for a. new trial this rule be disregarded, it is difficult to perceive what test can be applied to ascertain the correctness of the decision appealed from. The motion may have been denied because made on a ground which was utterly untenable. Is the appellate court to look through the entire case, pleadings, testimony and all, to discover a ground upon which it possibly might have been granted ? Then, again, suppose no reasons were in point of fact given for making the motion. Can it be solemnly determined that the judge erroneously decided a question which he was not called upon to decide, and which he never considered ? Such a course would be not only manifestly unfair to the judge below and unjust to the respondent, but it would also be at utter variance with the doctrine of error.
In Joannes v. Jennings (6 Supreme Ct., Thompson & Cook's edition, 138), the supreme court of the first department has recently come to the same conclusion.
*467 The fact that the case submitted fails to show upon what grounds, if any, the motion was based, being sufficient to call for an affirmance of the order, I think it best to refrain from the expression of an opinion upon the other questions that have been discussed, especially as this disposition of the present appeal leaves the defendants at liberty to re-argue all questions arising upon exceptions on the appeal from the judgment to be hereafter taken, if they should be so advised. But in conclusion it may be well to express a doubt as to whether the mere memorandum in the clerk’s minutes is an order at all. The better -practice would have been to enter a formal order.
The order appealed from should be affirmed, with costs.
Monell, Ch. J., concurred.